**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 2:04-CR-217** |
| v. | **Judge Peter C. Economus** |
| **BATALOVA SENUOKE,** | **ORDER** |
| **Defendant.** | |

This matter is before the court upon Defendant Batalova Senuoke's motion under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment. (Doc. # 49.) The United States Sentencing Commission amended and modified Sentencing Guidelines §§ 1.B1.10 and 2D1.1, causing a number of defendants sentenced under the old sentencing guidelines applicable to crack cocaine to be eligible for a reduction in their sentences. Defendant is eligible for such a reduction, as noted in his motion and admitted in the government's response in opposition. (Doc. # 53.)

On or about April 25, 2005, Defendant plead guilty to Counts 1 – 6 of the superseding indictment which charged him with distribution of cocaine base (Count 1), possession of cocaine base (Counts 2, 3, and 4), possession and intent to distribute cocaine (Count 5), and possessing a firearm in furtherance of a drug trafficking crime (Count 6). (*See* doc. #22.) On February 2, 2006, at Defendant's sentencing hearing, the court determined that Defendant's total offense level was 19 and his criminal history category was III. The guideline sentencing range was 37 – 46 months, plus a statutory sentence of 60 months for Count 6. The court imposed a sentence of 37 months, plus 60 months. (Doc. # 39.) On November 1, 2007, the Sentencing Commission promulgated Guideline Amendment 706, which reduced the offense levels for crack offenses by two levels. Defendant moved for a reduction in sentence, and on April 11, 2008, the court

granted the motion, amended the offense level to 17, and reduced Defendant's sentence to 30 months plus 60 months. (Doc. #48.)

Now, as a result of the latest amendment and modification to the Sentencing Guidelines, Defendant is eligible for a further reduction in sentence. Defendant asserts that under the recent guideline amendments, his offense level would be reduced to a total offense level of 16, which, combined with Defendant's criminal history category, yields a new advisory sentencing range of 27 to 33 months. However, the government argues that although Defendant is eligible, a reduction is not appropriate in this case. The government contends that Defendant's criminal history and his record while in prison indicate that Defendant's early release would pose a danger to the community.

Whether to grant a reduction of sentence pursuant to § 3582(c)(2) is within the discretion of the court. *United States v. Bowers*, 615 F.3d 715, 717 (6th Cir. 2010). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. § 3582(c)(2).

As to the nature and circumstances of the offense and the history of the defendant, Defendant was involved in trafficking narcotics in Columbus, Ohio and possessing firearms in furtherance of his illegal trafficking activities. Further, Defendant has exhibited inconsistent behavior while incarcerated, including violation of numerous prison rules, such as threatening bodily harm, destroying property, and bribing an official.

Considering the totality of the circumstances, including the statutory sentencing factors in § 3553(a), the court concludes that a reduction in Defendant's sentence would be contrary to the goals promoted by the statutory factors. Defendant's behavior while incarcerated, his previous criminal record, and the seriousness of the offense of conviction all indicate that Defendant's

early release would pose a danger to the public. The court recognizes and agrees with the Sentencing Commission's determination that the previous guideline levels for cocaine base offenses were often too severe. However, the court notes that the defendant's current sentence—reduced to 30 months (plus the statutory 60 months)—is still within the reduced guideline range applicable in this case, albeit in the middle of that range rather than the bottom. In light of all of the information before the court, Defendant's sentence remains the appropriate sentence in this case.

Defendant's motion for a reduction of sentence (doc. # 49) is **DENIED.**

**IT IS SO ORDERED.**

**/s/ Peter C. Economus  -  January 4, 2012**
**UNITED STATES DISTRICT JUDGE**